H. K. BUSH *v.* HARRISON GRANITE COMPANY.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed February 16, 1909.

*Corporations—Insolvency—Receiver—Setoff.*

A granite company, in which defendant was one of the principal stockholders, had manufactured monuments for defendant under a contract requiring payment on completion and delivery of the monuments. The granite company being unable to complete the work fast enough seasonably to pay its workmen, money was advanced it by defendant on estimates of the cost of work done during the previous months. After a chancery proceeding seeking the appointment of a receiver had been brought against the granite company, defendant sent the granite company's manager a draft for $2,800 as advancement, on condition that the money should not be paid to the granite company except on an order from the court. On the appointment of the receiver, however, the manager turned this money over to him without condition and without authority. *Held,* that defendant was entitled to offset the amount of this advancement against its liability for work completed for it by the receiver.

GENERAL ASSUMPSIT. Pleas, the general issue, payment, accord and satisfaction, and a plea in offset. Heard on referee's report, and plaintiff's exceptions thereto, at the March Term, 1908, Washington County, *Hall,* J., presiding. Exceptions overruled. The item in defendant's specification in offset of $2,800 for advancement disallowed; and judgment for plaintiff for $1,797.23, with interest thereon from August 6, 1896, and costs. The defendant excepted. The opinion states the case.

*H. C. Smith,* and *John W. Gordon* for the defendant.

There was a complete novation, and defendant is entitled to treat the contracts of J. E. Harrison & Sons as if they were its own. *Bacon* v. *Bates,* 53 Vt. 30; *Balch* v. *Aldrich,* 56 Vt.

68; *Lamoille Valley R. Co.* v. *Marsh,* 49 Vt. 37; *Goochie* v. *Brock,* 52 Vt. 107.

''The debtor of a bankrupt, or the man who contests with him the right to real or personal property, loses none of these rights by the bankruptcy of his adversary.'' *Eyster* v. *Goff,* 1 Otto 521; *Stewart* v. *Platt,* 101 U. S. 731. ''So with receivers, they are not regarded as purchasers and the assignment to them places the right and property of the insolvent precisely in the same condition and subject to the same equities as held by the insolvent. The debtor of the insolvent, therefore, has the same right of setoff with a claim of the receivers that he had with insolvent debtor at the time of his insolvency.'' *Receiver* v. *Paterson Gas Light Co.,* 23 N. J. L. 283; *Stevens* v. *Shoemenn,* 32 Mo. App. 333; *Scott* v. *Armstrong,* 146 U. S. 499; *In re assignment of Hamilton,* 26 Ore. 579; *St. Paul, etc. Trust Co.* v. *Leck,* 57 Minn. 87; 3 Clark & Marshall on Priv. Corp. §782; *Layborn* v. *Armstrong,* 53 Minn. 105.

The knowledge of Mudgett, who was the agent of the plaintiff, and knew of the purpose for which this $2,800 was sent and was to be used, is the knowledge of the plaintiff. *Johnson* v. *Ins. Co.,* 107 Am. St. Rep. 92; *Field* v. *Campbell,* 108 Am. St. Rep. 301; *Iron Works* v. *Anderson,* 140 Mich. 702; *General Cartage and Storage Co.* v. *Cox,* 113 Am. St. Rep. 959.

*Richard A. Hoar* for the plaintiff.

The $2,800 item is not available to defendant as offset in this case. An offset is not available in law unless the parties are identical. *Kendall* v. *Aldrich,* 68 Vt. 478; *Bank* v. *Hunt,* 72 Vt. 351; 5 Thompson Com. Corp. §6964; *Aiken* v. *Bridgman,* 37 Vt. 249; *Frye* v. *Evans,* 8 Wend. 531.

HASELTON, J. The Producers' Granite Company was a Vermont corporation. In a chancery proceeding brought to the September Term, 1895, in Washington County, the plaintiff was on the 4th day of November, 1895, duly appointed its receiver. November 8, 1895, the receiver qualified and took possession of its property. By the order of appointment the receiver was authorized to employ labor and furnish material for the completion of unfinished work, and for the fulfillment of subsisting contracts. This suit was brought against the Harrison Granite

Company to recover for liabilities accruing to the plaintiff from the defendant from the time when the receiver took possession, and was specially authorized by the court of chancery. The action is general assumpsit. The defendant pleaded the general issue, payment and offset. The case was heard upon a referee's substituted report and a supplemental report and the plaintiff's exceptions to such reports. Judgment was rendered for the plaintiff for $1,797.23 with interest thereon from August 6, 1896, and costs of suit. The defendant excepted.

Prior to November 5, 1895, the firm of J. E. Harrison & Sons of Michigan was a dealer in Barre granite and had done business with the Producers' Granite Company of which it was one of the principal stockholders. The other principal stockholder was the Empire Granite Company, a Vermont corporation. On said 5th day of November, 1895, the Harrison Granite Company was incorporated under the laws of the State of Michigan, and two days thereafter was organized, became the owner of all the property of said firm of Harrison & Sons, and succeeded to its business. The referee finds: "that both the plaintiff and the defendant understood that the defendant was the owner of the property, accounts, contracts, and assets of J. E. Harrison & Sons, and that the plaintiff accepted and treated the defendant as such owner and transacted all business with and in the name of the defendant whether such business pertained to the accounts and contracts prior or subsequent to the receivership or not."

The Producers' Granite Company had done business with J. E. Harison & Sons under a contract which was in substance that the former should manufacture such monuments as the latter should order on the terms that the latter should furnish the stock, and pay the former the amount of the stone cutters wages, and 35 percent thereof in addition, and a price named for polishing. The 35 percent was treated as profit, although expenses of management and some incidental costs were to come out of it. All work was to be paid for upon completion and delivery. Damages for defective work were to fall upon the Producers' Granite Company. Loss from defective stone was to be borne by Harrison & Sons. The Producers' Granite Company had the same contract with the Empire Granite Company before mentioned.

But the capital of the Producers' Company was in its plant. It was obliged to pay the wages of its workmen monthly, and it did not complete work fast enough to secure enough money from its customers, under the terms of its contracts, to enable it seasonably to pay the granite cutters; and so it came about that, without any change of contract, each of the purchasing concerns, from month to month advanced to the Producers' Company such sum of money as the manager of the latter company estimated to be the cost of the work for the previous month done on jobs in process of completion under the contract with such purchasing company. In the summer of 1895, the Producers' Company "voted to go into liquidation" but did nothing in pursuance of such vote. However, the Empire Granite Company brought a petition to the court of chancery at the September Term, 1895, praying for the appointment of a receiver for the Producers' Company, and it was in this proceeding that the plaintiff was appointed as hereinbefore stated. In October, 1895, no work was done by the Producers' Company for the Empire Company, the petitioner in the chancery case. Near the end of that month the manager of the Producers' Company, Fred B. Mudgett, estimated the cost of work, for the month, on jobs for Harrison & Sons, at $2,800, and sent his estimate to that company. Harrison & Sons thereupon sent to Fred B. Mudgett, manager, a draft for $2,800, payable to his order, and therewith sent a letter dated October 28, 1895, which reads as follows:

"Dear Sir:—Answering yours of the 26th we enclose draft to the order of Producers' Granite Company, $2,800. Before using this money for pay roll or any other purpose, please see a letter of today from H. C. Smith or Watts, Bean & Smith, to John W. Gordon, at Barre. You will notice that it is our wish that this money be paid over to the Producers' Granite Company only on an order from the court, in order to protect ourselves under the present tangled condition of affairs."

Under their contract nothing was due from Harrison & Sons to the Producers' Company at the time this draft was sent; and later, when the receiver was appointed, and, as the referee finds, a charge was made against Harrison & Sons, or the defendant, of $5,100.19 for unfinished and undelivered pieces of work, a sum not due, the balance then and thus shown against Harrison & Sons, or the defendant, was only $866.48. At the time the draft for $2,800 was sent, the chancery proceeding

brought by the Empire Company was pending, and Harrison & Sons anticipated the appointment of a receiver for the Producers' Company. The facts make it clear what was meant by the notice, in the letter, that the money was to be paid over only on an order of court for the protection of the senders thereof. They did not wish to advance money and receive therefor simply a credit from a corporation about to go into the hands of a receiver. Mr. Mudgett, the referee finds, had no authority other than the letter to turn over the draft. He, in fact, kept the draft until November 8, 1895, the day on which the receiver qualified. On that day he sent the draft to the plaintiff together with the following letter: "Dear Sir:—I have been advised and know for a fact that you have been appointed and have qualified as receiver of the Producers' Granite Company of Barre, Vt. Recognizing you as receiver, I hereby relinquish my position as manager of the said company, also all books, papers, moneys, etc., meaning to turn over to you all the business of the company heretofore held and conducted by me as manager and to answer no further responsibilities. I enclose you herewith New York draft drawn by J. E. Harrison & Sons payable to Producers' Granite Company for $2,800, to meet October, 1895, pay roll which was due to be paid Nov. 5th." Mr. Mudgett had no authority to limit the use of the money as he attempted to do, but could pay it over only to effectuate the purpose expressed by Harrison & Sons in their letter to him. The referee finds that at the time Mr. Mudgett turned the draft over to the plaintiff the defendant, the Harrison Granite Company, had become its owner, and the referee further finds "that the $2,800, was paid to the receiver by the defendant and should be charged to him for work that he took over from the Producers' Granite Company and completed and shipped to the defendant."

If these findings involve conclusions of law the conclusions stand, for they are conclusions of law which the court itself draws from all the facts found by the referee.

The defendant in several letters to the receiver insisted that the latter get an order from the court of chancery authorizing him to issue a certificate showing the nature of the defendant's claim for the $2,800. In March, 1896, the receiver issued a certificate or receipt which faced both ways and was misleading. The plaintiff in his brief characterizes this paper as fraudulent on its face, and the defendant's brief speaks of its false pre-

tenses and misstatements. Since the plaintiff who gave this receipt and the defendant who received it are so well agreed as to its dubious and devious character we do not recite it. It is mentioned here because of a reference to it in the findings of the trial court.

The contracts of the Producers' Company with Harrison & Sons, incomplete in respect to finishing or delivery when the receiver was appointed, were completed by the receiver, and new jobs were done by the receiver for the Harrison Granite Company under the same contract terms as had subsisted between the Producers' Company and Harrison & Sons. The old contracts were treated by the receiver as made with the Harrison Granite Company. The result of the dealings of the receiver with the Harrison Granite Company was that the receiver had charges against the Harrison Company, which were allowed by the referee, to the amount of $16,818.56, and that the credits to the Harrison Company admitted by the receiver on hearing and the additional credit of $2,800, which should have been allowed, more than equalled the debit side of the receiver's account with the defendant.

The defendant does not claim that his plea in offset is so drawn as to amount to a declaration in offset under which the defendant can recover any balance due him. Therefore we do not consider certain other claims of the defendant against the receiver. Some items of claimed offset against the Producers' Company were presented to the court of chancery in the receivership proceedings in pursuance of an order of court that the creditors of the Producers' Company should file their claims against it by a day named. In the proceedings last referred to no final action has been taken. However, the claim for the item of $2,800, which has been considered, was not presented to the court of chancery in such proceedings, but appears always to have been regarded by the defendant as a charge against the receiver on account of its dealings with him which have been herein reviewed.

*Judgment reversed and judgment for the defendant to recover its costs.*